**Opinion filed September 11, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00173-CR

_____

## GEORGE THOMAS ABBOTT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 22375B**

## M E M O R A N D U M   O P I N I O N

George Thomas Abbott has filed an untimely pro se notice of appeal from a judgment of conviction for the offense of burglary of a habitation. Appellant pleaded true to an enhancement allegation, and the trial court assessed punishment at confinement for twenty years. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on June 10, 2020, and that his notice of appeal was filed in the district

clerk's office on August 3, 2020. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We also notified Appellant that the trial court had certified that this is a plea-bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). We requested that Appellant respond to our letter and show grounds to continue. Appellant has filed a response, but he has not shown grounds upon which this appeal may continue.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that a motion for new trial was not timely filed and that Appellant's notice of appeal was not filed with the clerk of the trial court until fifty-four days after the sentence was imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Moreover, the trial court's certification reflects that this is a plea-bargain case and that Appellant has no right of appeal. Thus, even if Appellant had timely perfected an appeal, this appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183

S.W.3d 675, 680 (Tex. Crim. App. 2006); s*ee Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

September 11, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.